RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 2/10/09
BY DM

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES

versus                          CRIMINAL NO. 08-00309
                                                 JUDGE TOM STAGG

GREGORY L. YOUNG

## ORDER

Before the court is a motion in limine and, in the alternative, a motion for continuance filed by Gregory L. Young ("Young"). See Record Document 35. Young seeks to preclude the government from providing the jury with copies of revised transcripts derived from several body-wire recordings. If the court refuses his request, Young seeks to continue the trial to prepare his case based on the revised transcripts (or obtain an independent transcription of the recordings). See id. The government responded to the motion, arguing that although portions of the recordings are somewhat inaudible, the transcripts should be admitted to aid the jury in following the context of the conversations and that no continuance is warranted. See Record Document 36. A copy of the recordings, as well as the original and revised transcripts have been provided *in camera* to the court.

The thrust of Young's argument is that because the "recordings are almost

totally indecipherable," the jury will not be able to understand the conversations upon simple listening. Rather, the jury will have to rely on the government's interpretation of the recordings. Young argues that "[a]llowing the jury to utilize the transcripts as an aid will simply be allowing the government to dictate to the jury everything the main characters said." Record Document 35 at 3. According to Young, the revised transcripts should be excluded under Rule 403 of the Federal Rules of Evidences because they would mislead the jury and cause "unfair prejudice." See id. at 2.

Taped recordings are admissible so long as the inaudible parts are not so substantial as to make the rest more misleading than helpful. See United States v. Thompson, 130 F.3d 676, 683 (5th Cir. 1997). After review and contrary to Young's assertion, the court finds the majority of the recordings are relatively clear and audible. In fact, "much of the conversations can be heard clearly and may be followed on the government's transcript." United States v. Polk, 56 F.3d 613, 632 (5th Cir. 1995). Thus, the recordings are admissible and the government may introduce them during its case-in-chief.

Even if portions of the recordings are somewhat inaudible, transcripts may be admitted into evidence to aid the jury in following the content of conversations. See United States v. Onori, 535 F.2d 938, 947 (5th Cir. 1976). The accuracy of the transcripts and the issue of unintelligibility is "reserved for the jurors when the district court instruct[s] them that their own understanding of the tape [will] control

over the government's transcript." United States v. Wilson, 578 F.2d 67, 70 (5th Cir. 1978). Accordingly, the government (and Young if he chooses) has the option of admitting the transcripts to aid the jury in following the content of the conversations.

Finally, Young argues that because the revised transcripts were provided to him only three days before the trial, the court should grant a continuance. This argument is unavailing for several reasons. First, Young had first hand knowledge of the content of the recordings. Any errors or omissions in the original transcripts that were corrected in the revised transcripts would not cause Young any prejudice. Second, the government mailed the recordings from which both sets of transcripts were created to Young on October 31, 2008. During the interim three months, Young could have transcribed his own version of the recordings and/or prepared his defense in light of the contents of the recording. Young's failure to take advantage of this opportunity, combined with his inherent knowledge of the recordings' contents, is not grounds for a continuance. Accordingly;

Young's motion in limine and, in the alternative, motion for continuance is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of February, 2009.

JUDGE TOM STAGG