# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

GREGORY L. YOUNG

CRIMINAL NO. 08-0309-01
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is Gregory L. Young's ("Young") motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. See Record Document 79. Based on the following, Young's motion is **DENIED**.

### I. BACKGROUND

On October 22, 2008, a federal grand jury returned a two count indictment against Young. Young was charged in count one with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of powder cocaine, in violation of 21 U.S.C. § 841(a)(1). Count two realleged and incorporated by reference the allegations in count 1 for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853. See Record Document 7.

A jury trial was held February 11 and 12, 2009. See Record Documents 39 and 43. The jury found Young guilty as to count 1. See Record Document 43. On June 18, 2009, Young was sentenced to 240 months imprisonment with 8 years supervised

release. See Record Document 55. Young timely filed his appeal of the conviction. See Record Document 57. On October 27, 2010, Young's conviction was affirmed by the United States Court of Appeals for the Fifth Circuit. See Record Document 77. Young filed the instant motion on August 27, 2012. See Record Document 79.

## II. LAW AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 by creating a one-year period of limitation in which to file a section 2255 motion. Section 2255 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Young filed an appeal which was affirmed on October 27, 2010. Therefore, his conviction became final ninety days after the date his appeal was affirmed. "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed . . . ." United States v. Johnson, 457 U.S. 537, 542, n. 8, 102 S. Ct. 2579, 2582, n 8. (1982) (quotations and citations omitted). Applying this provision, Young's section 2255 motion became time-barred in February of 2012–one year plus ninety days from the date his appeal was affirmed. Young's motion, however, was not filed until of August, 2012, well after the expiration of the time limitation. Therefore, his motion is untimely.

Accordingly, **IT IS ORDERED** that Young's motion to vacate, set aside, or correct sentence under section 2255 (Record Document 79) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of September, 2012.

JUDGE TOM STAGG