# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-309-01 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| GREGORY YOUNG | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

In the above-captioned case, the Court has been tasked with determining whether Defendant Gregory Young ("Young") should receive a reduction in his sentence, pursuant to the application of Amendment 782 of the United States Sentencing Guidelines. The parties have fully briefed the issue [Record Documents 124, 125, & 126], and the matter is now ripe for the Court's decision. For the reasons that follow, the Court hereby **REDUCES** Young's sentence from 240 months to 206 months.

## Background

In 2009, a jury convicted Young of possession with intent to distribute five hundred grams or more of cocaine. The presentence report assigned an offense level of 28, per U.S.S.G. § 2D1.1, for an offense that involved between two and three-and-a-half kilograms of cocaine, and a criminal history category of VI, resulting in a guideline range of 140-175 months. Young was sentenced by the Honorable Tom Stagg to 240 months' imprisonment. This sentence constituted a 37.1% upward departure over the governing guideline range and was based on the failure of Young's criminal history category to

1

adequately reflect his true criminal history. Young is now before the Court seeking a reduction in his sentence pursuant to Amendment 782.

## Law and Analysis

A district court may reduce a sentence when it is for "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). As relevant here, the Sentencing Commission enacted Amendment 782, allowing for a two-level reduction in the base offense level of drug trafficking offenses found in § 2D1.1. Amendment 782 was retroactively applicable on November 1, 2015. United States v. Caulfield, 647 F. App'x 293, 294 n.4 (5th Cir. 2016). In considering whether and to what extent a defendant's sentence should be reduced, U.S.S.G. § 1B1.10 directs the Court to take into account the sentencing factors set forth in 18 U.S.C. § 3553(a), "the nature and seriousness of the danger" to any person or the community that may result from a reduction in the defendant's sentence, as well as any of the defendant's relevant post-sentencing conduct. § 1B1.10, App. Note 1(B).

In the instant case, the parties agree that Young is eligible for a reduction in sentence based on Amendment 782. They agree that his new offense level is 26. That offense level, combined with a criminal history category of VI, results in a guideline range of 120-150 months. The defense and the United States Probation Office jointly recommend this Court impose a sentence of 206 months. While this sentence would be higher than Young's new guideline range as calculated above, it nonetheless reflects a comparable upward departure to that imposed by Judge Stagg. That is, 206 months is 37.1% greater than the top of the new guideline range.

Despite Young's eligibility for a reduced sentence, the Government opposes any reduction based on Young's criminal history. The Government's briefing on this point explores Young's extensive criminal history in detail. The Court does not disagree that Young's prior criminal history was lengthy, serious, violent, and demonstrated utter contempt for the rule of law. However, this is the very criminal history that Judge Stagg took into account in 2009 when imposing the upward departure. The Court is in possession of Judge Stagg's original file in this matter, and based upon a review of that file, including Judge Stagg's handwritten notations, the Court is satisfied that the criminal history highlighted by the Government served as the basis for the upward departure. As the defense aptly points out, the current recommend sentence of 206 months takes into account this criminal history by imposing a comparable upward departure (a 37.1% increase) to the one imposed in 2009.

Young's disciplinary record from his time in prison shows only one infraction: possession of a non-hazardous tool (tobacco) in 2015, for which he was punished. During his time in prison, Young has taken advantage of various programs offered to him by the Bureau of Prison, including but not limited to small business accounting, commercial driver's license, parenting, real estate, keyboarding, history, and speed reading. Young's transition from a violent drug offender to a compliant inmate is both encouraging and a strong refutation of the Government's position that he poses a danger to those around him. In short, no evidence from Young's ten years of incarceration indicates that he presents a current danger to the public safety.

There are no new facts or information which would cast doubt upon the decision made by Judge Stagg at the 2009 sentencing, nor is there any other reasonable basis upon which to withhold the application of Amendment 782. A reduction in Young's term of imprisonment is consistent with the revised guidelines calculation and the goals of 18 U.S.C. § 3553(a). Thus, considering the facts of this case and the § 3553(a) factors, the Court finds that a reduction in sentence to 37.1% greater than the top of the new guideline range is warranted.

## Conclusion

Accordingly, **IT IS ORDERED** that Gregory Young's sentence shall be **REDUCED** from 240 months to 206 months. An amended judgment will be issued herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 11th day of December, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE